The plaintiff then set up a horse, for which the defendant at the first bid offered much more than the value, and no person thinking proper to go beyond this, the horse was consequently withdrawn.
He afterwards set up a negro, for which the agent of the plaintiff in judgment bid the real value at once, but as he was the only bidder, the negro was also withdrawn, whereupon the plaintiff, by the advice and direction of the defendant, and under his aforesaid promise of indemnification, returned on the fieri facias "not sold for want of (120) bidders."
For this return an action was brought against him, as for a false return, and a verdict had against him for £ 25 damages; he was also convicted upon an indictment for a misdemeanor in office, and fined £ 25, and was put to other incidental expenses and sustained other damages in consequence of the said false return.
The present action was brought on the promise of indemnity to recover a satisfaction in damages for all the loss and injury the plaintiff had sustained by means of the aforesaid return; the defendant pleaded nonassumpsit and an illegal consideration, and a verdict under the direction of the Court was found against him at October Term, 1798, for the full amount of damages sustained. The defendant then obtained a rule to show cause why the verdict should not be set aside and a nonsuit entered, upon the ground that the written promise was within the Statute of 23 Hen., 6, cap. 7, and consequently void.
At this term Duffy, for the plaintiff, showed cause and argued the case on two grounds: First, That the promise is neither within the words nor spirit of the statute; for which he cited Beaufage's case, 10 Coke, Croke Eliz., 178; 1 Term Rep., 418. Second, That if it were within the act, yet it comes within that class of cases where the plaintiff is induced to do an illegal act by the false representations of the defendant, and is consequently entitled to a recovery.
Burton, in support of the rule, contended that whenever the condition of a bond, or the consideration of an assumpsit, was to do an illegal act, the bond and the promise were void; that the act in the present case was manifestly illegal and had been so pronounced by the judgment of the Superior Court. To prove the first point, he cited 3 Burrows, 1568.
The 8th section of our Act of Assembly of 1777, though expressed in different terms, is substantially the same with the Statute of 23 Hen., 6, cap. 7; and it is directed to the same humane and politic ends, namely, to guard debtors from the oppression and extortion *Page 114 
(121) of the sheriffs and their officers; for if these latter were permitted to take bonds under any latitude of form from persons in their custody, the most flagrant exactions might be practiced with impunity; and the process of law rendered subservient to the worst purposes; they might conduct themselves to such persons, with lenity or rigor, according to the disposition they met to yield to their demands; and in estimating the price of their condescension they would be cautious enough to indemnify themselves against the possible consequences of their misconduct. But, while the policy of the act is sufficiently vindicated by the good it has produced and the decisions which have taken place under it, its object may be effectually attained without increasing the risks or multiplying the difficulties of the sheriff's office. The act restrains him from taking obligations from any person in his custody, and the Statute of Hen. 6 contains equivalent expressions, upon which the construction has been that a bond made to a sheriff, that a party on a fieri facias will pay the money into Court on the writ, is not within the statute, according to the case in 10 Coke; if such a bond given by a party himself is good, it follows afortiori, that a bond given by a third person is equally so; for neither is in the sheriff's custody. The case of Rogers v. Rogers, 1 Term Rep., 418, serves to show that such has been the uniform construction of the statute, and that it relates only to persons arrested on mesne process, beyond which our Act of Assembly does not extend.
This verdict is therefore a proper one, unless the undertaking is void at common law; and it is argued for the defendant that it is so, because it is founded on an illegal consideration, viz.: that the plaintiff should make a false return. The proposition is generally true that a person cannot be relieved on an action which is founded on an illegal or immoral act, as where a sheriff promises for a sum of money that a prisoner shall escape, the promise is not good. So, if a promise made to a gaoler [goaler] to pay him money in consideration of his letting the prisoner go at large, it is void, the act being against law. Yelv., 197. The law is the same, where a person promises to pay another money in (122) consideration of his beating a third person; and, generally speaking, if a person promises to save a minister of justice harmless for doing an unlawful act in his office, the promise is void. 1 Cro., 230.
But the rule of law must be considered with this restriction; that the person who does the act knows it to be unlawful at the time; for where the plaintiff pointed out particular goods and desired the sheriff to take them on a fieri facias, and in consideration that the sheriff would take them, promised to indemnify him; this was held a good promise, for the plaintiff showing the goods and requiring the sheriff to do execution, it was reasonable he should save him harmless. 2 Cro., 652. Buller's *Page 115 
N. P., 146. In that case, the sheriff committed an unlawful act, and made himself a trespasser; yet, as he knew it not at the time and was urged by the plaintiff to make the levy, he was entitled to recover.
Such promises are according to the common usage of this country, and are frequently the means of leading to the detection of fraudulent transfers of property. The justice and reason of this case are likewise strong on the side of the plaintiff, whose inexperience in office might well incline him to repose in the defendant a confidence by no means unreasonable; since his situation implied skill in law, and the latter having prevailed upon the plaintiff to make this return, by the united effects of persuasion, advice, and a promise of indemnity, ought upon every principle of equity and good faith to meet the consequences.